IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN M. BAILEY, | ) | |
| | ) | Civil Action No. 19 – 619 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION[1]

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Steven M. Bailey ("Petitioner") pursuant to 28 U.S.C. § 2241. For the following reasons, the Court finds that, despite what Petitioner has labeled his Petition, 28 U.S.C. § 2254 is the controlling statute in this case, and because this is the second of such petitions directed at Petitioner's 2005 judgment of sentence out of Allegheny County, the Petition is subject to dismissal for lack of jurisdiction.

**I.**   **Background**

Petitioner is currently serving a sentence of life imprisonment without the possibility of parole for the first-degree murder of Derrick Steele. The facts of the crime, as set forth on direct appeal by the Pennsylvania Superior Court, are as follows:

> . . . . . On the afternoon of June 8, 2004, Derrick Steele, the victim, accosted Tammy Brown, [Petitioner's] fiancée, while she was walking with her girlfriend, Kelly Shipton, and three children on Perrysville Avenue in the city of Pittsburgh. As Ms. Brown walked down the street carrying her and [Petitioner's]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of a final judgment. (ECF Nos. 11, 15.)

one-year-old daughter, the victim began yelling at Ms. Brown, threatening to kill [Petitioner] and demanding to speak with him concerning a long-standing argument between the two men. As the confrontation escalated, Ms. Brown became hysterical and had Ms. Shipton call [Petitioner] on Ms. Brown's cell phone. When he answered the phone, [Petitioner] could hear the victim shouting, "Where is your man? Get your man[!] Tell that mother fucker he's dead," could hear his fiancée yelling "get off me, stop hitting me," and heard his daughter crying. A neighborhood fire station captain observed this "heated argument" and watched the victim walk away from Ms. Brown as a police car approached. Ms. Brown walked to a nearby pharmacy with Ms. Shipton and the children.

Within a few minutes, [Petitioner] arrived at the pharmacy, picked up Ms. Brown, Ms. Shipton and the three children and drove them to Ms. Brown's house. [Petitioner] then drove a short distance to Mr. Bill's Tap & Grill Bar, where he pulled up parallel to the front entrance, put his foot on the brake, and saw the victim outside with two other men. [Petitioner] then reached across the front passenger seat of his car, aimed his gun in the direction of the men, and fired two shots. As the victim retreated into the bar, [Petitioner] fired two more shots after him into the glass in the door to the bar. One of these bullets penetrated the victim's head, killing him instantly.

As a result of this incident, [Petitioner] was charged with one count each of criminal homicide and carrying a firearm without a license, and four counts of recklessly endangering another person. The Honorable Lester G. Nauhaus presided over [Petitioner's] five-day jury trial in January 2005. The Commonwealth presented the testimony of several witnesses, including that of the victim's girlfriend, Charmaine Holloway. Ms. Halloway [sic] related an incident which had occurred seven months earlier when [Petitioner] had pulled a gun and threatened the victim.

In his defense, [Petitioner] testified that he had been threatened by the victim several times over the last few months, that he was scared of the victim, and that he had been shot at by the victim in March 2004. In addition, [Petitioner] testified that on the day of the shooting, as he pulled up in front of the bar, he saw the victim reach under his shirt for a shiny object that [Petitioner] thought might be a nickel-plated gun based upon previous confrontations with the victim. Finally, both Ms. Brown and Ms. Shipton testified on [Petitioner's] behalf and provided their account of events concerning [Petitioner] and the victim. The trial court instructed the jury on first-degree murder, third-degree murder, voluntary manslaughter and involuntary manslaughter. On January 10, 2005, the jury returned its guilty verdicts.

On March 15, 2005, the court sentenced [Petitioner] to life imprisonment without the possibility of parole for first-degree murder and to concurrent sentences of one to two years' incarceration for the remaining five convictions. [Petitioner]

> obtained new counsel and filed post-sentence motions raising claims of ineffective assistance of trial counsel. Judge Nauhaus presided over [Petitioner's] August 16, 2005 hearing on the post-sentence motions, which the court subsequently denied.

(Res't Exh. 16, ECF No. 17-1, pp.180-83) (internal citations to record omitted). Petitioner's judgment of sentence was affirmed on appeal by the Pennsylvania Superior Court on April 17, 2007. (Resp't Exh. 16, ECF No. 17-1, pp.180-93.) Petitioner filed a Petition for Allowance of Appeal, which was denied by the Pennsylvania Supreme Court on December 20, 2007. (Resp't Exh. 20, ECF No. 17-1, pp.250-51.)

On April 23, 2008, Petitioner filed a *pro se* Petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Resp't Exh. 21, ECF No. 17-1, pp.252-60.) Petitioner was then appointed counsel who filed an Amended PCRA Petition on his behalf on October 1, 2008. (Resp't Exh. 22, ECF No. 17-1, pp.261-96.) An evidentiary hearing was held on January 9, 2009, and PCRA relief was denied on January 29, 2009. (Resp't Exh. 24, ECF No. 17-1, pp.332-35.) The Superior Court affirmed the denial of PCRA relief on October 1, 2010. (Resp't Exh. 31, ECF No. 18-1, pp.139-49.) Petitioner filed a Petition for Allowance of Appeal, which was denied by the Pennsylvania Supreme Court on March 30, 2011. (Resp't Exh. 35, ECF No. 18-1, p.217.)

On April 19, 2011, Petitioner filed a second *pro se* PCRA Petition, which contained a statement signed by Mark Brown who testified at Petitioner's jury trial. (Resp't Exh. 36, ECF No. 18-1, pp.218-42.) According to Mr. Brown's statement, he did not testify truthfully at the trial and in fact saw another witness, Cooley Davis, pick up a gun from the victim then run from the scene. However, on September 25, 2013, the PCRA court granted Petitioner's motion to withdraw the PCRA petition because Mr. Brown no longer wished to recant. (Resp't Exh. 41, ECF No. 18-1, p.278.)

During the pendency of Petitioner's second PCRA proceedings, he filed a *pro se* Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 11-1020. Bailey v.

3

Stewart, et al., No. 11-1020, ECF No. 1 (W.D. Pa.). On February 6, 2013, Petitioner requested that the Petition be stayed pending his second PCRA proceedings, and his request was granted on February 12, 2013. Id., ECF Nos. 14, 16. After the conclusion of Petitioner's second PCRA proceedings, the Commonwealth moved to lift the stay and reopen the case. Id., ECF No. 18. The Court granted the motion and lifted the stay on October 1, 2013. Id., ECF No. 19. On February 19, 2014, Petitioner, through attorney Mark McCulloch, filed a Supplemental Petition for Writ of Habeas Corpus. Id., ECF No. 22. On March 7, 2014, the Court denied the Petition and Supplemental Petition for Writ of Habeas Corpus. Id., ECF Nos. 23, 24. The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability on December 16, 2014. Id., ECF No. 28. The United States Supreme Court denied Petitioner's Petition for Writ of Certiorari on March 9, 2015, which was docketed at Civil Action No. 14-1104.

On June 10, 2015, Petitioner filed a third *pro se* PCRA Petition. (Resp't Exh. 42, ECF No. 18-1, pp.279-91.) Appointed counsel filed an Amended PCRA Petition on Petitioner's behalf on November 9, 2015. (Resp't Exh. 43, ECF No. 18-1, pp.292-97, ECF No. 19-1, pp.1-3.) In his Petition, Petitioner claimed to have found an after-discovered witness, Avid Nalls, who would testify that he saw the victim pull a gun out immediately before Petitioner shot and killed the victim. An evidentiary hearing was held on January 14, 2016, at which time Petitioner presented testimony from Mr. Nalls. On April 18, 2016, the PCRA court denied relief because Petitioner did not establish that Mr. Nall's testimony would have compelled a different verdict. (Resp't Exh. 49, ECF No. 19-1, pp.101-10.) On October 25, 2016, the Superior Court affirmed the denial of PCRA relief. (Resp't Exh. 55, ECF No. 19-1, pp.229-38.) The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on June 1, 2017. (Resp't Exh. 58, ECF No. 19-1, p.282.)

On May 15, 2018, Petitioner, through attorney Robert L. Sirianni, filed in the Third Circuit an application to file a second or successive petition for writ of habeas corpus. *See* In re: Steven

4

Mykel Bailey, Civil Action No. 18-2081 (3d Cir.). The Third Circuit denied the application on May 31, 2018, noting that even if the evidence concerning Mr. Nalls could not have been discovered previously, Petitioner had failed to show that "no reasonable factfinder would have found him guilty" of first degree murder in light of Mr. Nalls' testimony. (ECF No. 1-2.)

Petitioner, through attorney Sirianni, filed the instant Petition and Brief in Support thereof on May 24, 2019. (ECF Nos. 1 & 2.) In his Petition, he asserts a single claim, that he is entitled to relief under 28 U.S.C. §2241 because he is actually innocent of the crime of first degree murder and was never given the opportunity to present his claim of innocence in the state courts. Respondents filed their Answer to the Petition on September 19, 2019. (ECF Nos. 16-20.)

## II. Discussion

Respondents submit that despite the fact that Petitioner is seeking relief pursuant to 28 U.S.C. § 2241, the instant Petition is really a second or successive petition for writ of habeas corpus for which Petitioner did not have authorization to file and for which this Court lacks jurisdiction to consider. *See* ECF No. 16. On the other hand, Petitioner argues that § 2241 is available to him because (1) he makes a claim of actual innocence and (2) has not had an unobstructed procedural shot at presenting his claim of innocence by the Pennsylvania Court system. *See* ECF No. 2.

First, the Court notes that all of the cases on which Petitioner relies to support his position are inapplicable to him since they involved federal prisoners who were barred from raising their claims of innocence by way of a motion filed pursuant to 28 U.S.C. § 2255 and who argued that they were entitled to challenge their conviction under 28 U.S.C. § 2241 because § 2255 was an "inadequate or ineffective" remedy to test the legality of their detention. *See* ECF

No. 2, p.6 (citing cases).  Unlike the petitioners in those cases, Petitioner is not a federal prisoner, and the Third Circuit has already explicitly addressed the situation where, like here, a state prisoner challenging the validity or execution of his state court sentence attempts to rely on § 2241 instead of the more specific provision of § 2254 in order to circumvent the restriction on filing second or successive petitions.  Specifically, in Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), the court explained:

> . . . . [B]oth Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody.  However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second or successive petitions through Section 2244(b).  Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent.  Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Id., at 484-85.  The Court finds that the Petition in this case is governed by § 2254 regardless of the title Petitioner has given it because Petitioner is expressly challenging the validity of his conviction and sentence.  See, e.g., Keeling v. Pennsylvania, 519 F. App'x 120, 121 (3d Cir. 2013); DeVaughn v. Dodrill, 145 F. App'x 392, 394 (3d Cir. 2005).  To allow Petitioner to proceed under § 2241 would permit him to circumvent Congressional intent governing second or successive habeas filings in federal courts through artful labeling.  Accordingly, the instant Petition will be treated as a petition filed pursuant to 28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the

6

petition.  28 U.S.C. § 2244(b)(3)(A).  *See*, *e.g.*, Magwood v. Patterson, 561 U.S. 320 (2010).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2).  *See* U.S.C. § 2244(b)(3)(B)-(C).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  *See*, *e.g.*, Burton v. Stewart, 549 U.S. 147 (2007).

As noted above, this is the second petition Petitioner has filed challenging his 2005 judgment of sentence out of Allegheny County, and, to date, the Third Circuit has not granted him authorization to file a second or successive petition.  It is thus clear that the instant Petition is subject to dismissal as an unauthorized petition over which this Court lacks jurisdiction.

### III.     Certificate of Appealability

A certificate of appealability will be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition is an unauthorized second or successive petition.  *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).  An appropriate order will issue separately.

                                                  Lisa Pupo Lenihan
                                                  United States Magistrate Judge

Dated:  January 13, 2021.

Cc: Counsel of record
(Via CM/ECF electronic mail)